Filed 2/18/15  P. v. Davis CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E060014 |
| v. | (Super.Ct.No. RIF111066) |
| CHRISTOPHER DAVIS, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Michele D. Levine, Judge.  Remanded with directions.

Esther Kim Hong, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Senior Assistant Attorney General, Eric A. Swenson and Kristine A. Gutierrez, Deputy Attorneys General, for Plaintiff and Respondent.

1

This is an appeal by defendant and appellant Christopher Davis following the trial court's order denying defendant's petition to recall his sentence under the Three Strikes Reform Act of 2012, added by Proposition 36 (the Act). (Pen. Code, § 1170.126.)[1] On appeal, defendant makes numerous arguments related to the denial of his petition for resentencing. For the reasons explained below, we will remand the matter to allow the trial court to make an eligibility finding consistent with this opinion.

I

FACTUAL AND PROCEDURAL BACKGROUND[2]

Early one morning in August 2002, while defendant was living with his girlfriend, Lisa McDowell, in a one-bedroom apartment, United States Postal Inspectors searched defendant and McDowell's apartment. When the inspectors knocked and announced their presence, McDowell immediately let them in. Defendant remained in the bedroom while the inspectors repeatedly called for anyone else to come out. Finally, after the inspectors called out defendant's name, defendant exited the bedroom.

The inspectors searched the bedroom. Defendant's pants with his wallet were on the floor to the right of the bed. On top of the nightstand, on the right side of the bed, was a box of .38-caliber ammunition, two .25-caliber bullets, and a 380-automatic bullet.

---

[1] All future statutory references are to the Penal Code unless otherwise stated.

[2] The factual background of the underlying offense is taken from this court's nonpublished opinion in defendant's prior appeal following his current convictions (see *People v. Davis* (June 15, 2005, E036278) [nonpubl. opn.]).

There was also .25- and 380-caliber ammunition on top of the dresser. Inspector Goodrich bumped the bed and a loaded .44-magnum semiautomatic handgun fell onto his foot, from a cavity in the underside of the bed box spring. Inspector Griffin found in the bedroom closet a plastic bag containing letters addressed to "Slow Poke" and to "Mr. S. Capone"; photographs of defendant with fellow Insane Crip gang member Lovell Polk, known as "Red"; and a couple .25-caliber bullets. Also in the closet were utility bills and other papers bearing defendant's name. Defendant's gang moniker was "Slow Poke" and sometimes he used the name, "Slow Capone."

At trial, McDowell testified that she did not bring the ammunition or gun into the apartment and the gun was not hers. She said defendant slept on the right side of the bed. She saw him with the gun in the living room in February or March that year and told him to get rid of it.

McDowell had convictions for robbery, petty theft with a prior, passing a bad check, burglary, and giving a false I.D. to the police. At the time of her testimony, she was in custody in Chowchilla for a probation violation.

Later on the day of the search, defendant called McDowell from the detention center and told her to tell "cuz" that the police had seized the .44-magnum handgun. Defendant had not previously been told the caliber of the gun the inspectors found in his bedroom. The call was taped.

While detention center correctional deputy, Thomas Tanner, was screening inmate mail, he noticed an envelope with defendant's name and booking number on it and a

3

letter. The letter requested others, in effect, to intimidate or eliminate McDowell as a witness.

On July 19, 2004, defendant was found guilty of ex-felon in possession of a firearm (former § 12021, subd. (a)(1)) and unlawful possession of ammunition (§ 12316, subd. (b)(1)). In a bifurcated proceeding, the trial court found true that defendant had suffered 10 prior strike convictions (§§ 667, subd. (c) & (e)(2)(A), 1170.12, subd. (c)(2)(A)) and two prior prison terms (§ 667.5, subd. (b)). Defendant was sentenced to a total term of 27 years to life in state prison.

On November 6, 2012, the electorate passed Proposition 36, also known as the Act. Among other things, this ballot measure enacted section 1170.126, which permits persons currently serving an indeterminate life term under the "Three Strikes" law to file a petition in the sentencing court seeking to be resentenced to a determinate term as a second striker. (§ 1170.126, subd. (f).) If the trial court determines, in its discretion, that the defendant meets the criteria of section 1170.126, subdivision (e), the court may resentence the defendant. (§ 1170.126, subds. (f), (g).)

Section 1170.126, subdivision (e), provides, as pertinent here, that a defendant is eligible for resentencing if he or she is serving an indeterminate term of life imprisonment imposed pursuant to paragraph (2) of subdivision (e) of section 667 or subdivision (c) of section 1170.12 "for a conviction of a felony or felonies that are not defined as serious and/or violent felonies by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7." (§ 1170.126, subd. (e)(1).) The Act makes

4

ineligible for resentencing those persons who "[d]uring the commission of the current offense, the defendant used a firearm, [or] was armed with a firearm . . . ." (§§ 667, subd. (e)(2)(C)(iii), 1170.12, subd. (c)(2)(C)(iii); see § 1170.126, subd. (e).)

On January 10, 2013, defendant, in pro. per., filed a petition for resentencing under section 1170.126. The court thereafter appointed counsel to represent defendant. On April 17, 2013, defendant's counsel filed a resentencing brief, and again on May 6, 2013. On April 18, 2013, the People filed three oppositions to defendant's petition for resentencing. The People opposed the petition on the ground that defendant was statutorily ineligible for resentencing under the Act because during the commission of his commitment offenses, defendant was armed with a firearm. The People also opposed the petition on the basis that defendant continued to pose an unreasonable risk of danger to public safety based on his past criminal behavior and continued criminal behavior while incarcerated.

The trial court heard the petition on November 8, 2013. At that time, defendant filed a psychological report from Dr. Robert Suiter, as well as letters of support, education progress reports, and education certificates. Following argument from the parties, the trial court denied the petition, finding defendant continued to pose an unreasonable risk of danger to public safety.[3]

Defendant timely filed an appeal on November 12, 2013. We note that in

---

[3] There is no indication in the record whether or not the trial court made the initial determination of eligibility for resentencing under section 1170.126.

5

*Teal v. Superior Court* (2014) 60 Cal.4th 595, 597, our Supreme Court recently concluded decisions under the "Three Strikes Reform Act" are appealable orders.

II

DISCUSSION

A.      *The Act Generally*

"The Act amended sections 667 and 1170.12 and added section 1170.126; it changed the requirements for sentencing some third strike offenders. 'Under the original version of the three strikes law a recidivist with two or more prior strikes who is convicted of any new felony is subject to an indeterminate life sentence. The Act diluted the three strikes law by reserving the life sentence for cases where the current crime is a serious or violent felony or the prosecution has pled and proved an enumerated disqualifying factor. In all other cases, the recidivist will be sentenced as a second strike offender. [Citations.] The Act also created a postconviction release proceeding whereby a prisoner who is serving an indeterminate life sentence imposed pursuant to the three strikes law for a crime that is not a serious or violent felony and who is not disqualified, may have his or her sentence recalled and be sentenced as a second strike offender unless the court determines that resentencing would pose an unreasonable risk of danger to public safety. (§ 1170.126.)' " (*People v. Brimmer* (2014) 230 Cal.App.4th 782, 791 [Fourth Dist., Div Two] (*Brimmer*), quoting *People v. Yearwood* (2013) 213 Cal.App.4th 161, 167-168 (*Yearwood*).)

6

"Thus, there are two parts to the Act:  the first part is prospective only, reducing the sentence to be imposed in future three strike cases where the third strike is not a serious or violent felony [citations]; the second part is retrospective, providing similar, but not identical, relief for prisoners already serving third strike sentences in cases where the third strike was not a serious or violent felony (Pen. Code, § 1170.126.)."  (*People v. Superior Court* (*Kaulick*) (2013) 215 Cal.App.4th 1279, 1292, italics omitted (*Kaulick*).)  "The main difference between the prospective and the retrospective parts of the Act is that the retrospective part of the Act contains an 'escape valve' from resentencing for prisoners whose release poses a risk of danger."  (*Id*. at p. 1293.)

We agree with defendant that his current commitment felony offenses of felon in possession of a firearm and unlawful possession of ammunition are not serious or violent felonies under section 667.5, subdivision (c), or section 1192.7, subdivision (c).  However, the inquiry does not end with whether or not the current conviction is a serious or violent felony.  As previously noted, an inmate is eligible for such resentencing if none of his or her commitment offenses constitute serious or violent felonies *and* none of the enumerated factors disqualifying a defendant for resentencing under the Act apply.  (§ 1170.126, subd. (e).)

Being armed with a firearm during the commission of a current offense is a disqualifying factor listed in section 667, subdivision (e)(2)(C)(iii), and section 1170.12,

subdivision (c)(2)(C)(iii).[4] Thus, under the plain language of the armed with a firearm exclusion, defendant is ineligible for resentencing relief as a second strike offender if his life sentence was "imposed" because "[d]uring the commission of the current offense, [he] . . . was armed with a firearm." (§§ 667, subd. (e)(2)(C)(iii) & 1170.12, subd. (c)(2)(C)(iii), both cross-referenced in § 1170.126, subd. (e)(2).)

"In approving the Act, the voters found and declared that its purpose was to prevent the early release of dangerous criminals and relieve prison overcrowding by allowing low-risk, nonviolent inmates serving life sentences for petty crimes, such as shoplifting and simple drug possession, to receive twice the normal sentence instead of a life sentence. (Voter Information Guide, Gen. Elec. (Nov. 6, 2012) text of Prop. 36, § 1, subds. (3), (4) & (5), p. 105 (Voter Information Guide); see *People v. White* (2014) 223 Cal.App.4th 512, 522 . . . (*White*) (review den. Apr. 30, 2014, S217030 [Fourth Dist.,

---

[4] Section 667, subdivision (e)(2)(C)(iii), provides: "[(e)(2)](C) If a defendant has two or more prior serious and/or violent felony convictions as defined in subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7 that have been pled and proved, and the current offense is not a serious or violent felony as defined in subdivision (d), the defendant shall be sentenced [as a second strike offender] pursuant to paragraph (1) of subdivision (e) unless the prosecution pleads and proves any of the following: [¶] . . . [¶] (iii) *During the commission of the current offense, the defendant* used a firearm, [or] *was armed with a firearm . . . .*" (Italics added.)

Section 1170.12, subdivision (c)(2)(C)(iii), provides: "[(c)(2)](C) If a defendant has two or more prior serious and/or violent felony convictions as defined in subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7 that have been pled and proved, and the current offense is not a felony described in paragraph (1) of subdivision (b) of this section, the defendant shall be sentenced [as a second strike offender] pursuant to paragraph (1) of subdivision (c) of this section, unless the prosecution pleads and proves any of the following: [¶] . . . [¶] (iii) *During the commission of the current offense, the defendant* used a firearm, [or] *was armed with a firearm . . . .*" (Italics added.)

8

Div. One].)  The electorate also mandated that the Act be liberally construed to effectuate the protection of the health, safety, and welfare of the people of California.  (Voter Information Guide, *supra*, text of Prop. 36, § 7, p. 110; see *White*, *supra*, at p. 522.) Accordingly, we liberally construe the provisions of the Act in order to effectuate its foregoing purposes and note that findings in voter information guides may be used to illuminate ambiguous or uncertain provisions of an enactment.  [Citations.]"  (*Brimmer*, *supra*, 230 Cal.App.4th at p. 793, citing *White*, *supra*, at p. 522 and *Yearwood*, *supra*, 213 Cal.App.4th at pp. 170-171.)

B.      *Eligibility Finding*

Anticipating that the People will argue he was ineligible for resentencing under the armed with a firearm exclusion, defendant initially argues the People forfeited this claim for failing to press the court to rule on this issue.  In the alternative, defendant argues the armed with a firearm exclusion does not apply, because the trial court, reviewing the petition, implicitly found he was not armed with a firearm during his commitment offenses and therefore eligible to be resentenced under the Act.  The People respond that they did not forfeit this claim since the trial court was not authorized to resentence him under the Act, and any reduction in defendant's sentence would have been unauthorized.

We reject defendant's claim that the People forfeited the initial eligibility determination.  The People argued defendant was ineligible to be resentenced under the Act based on the armed with a firearm exclusion in their opposition motions.  Although the People never "press[ed] for a ruling," as defendant claims citing *People v. Ramirez*

9

(2006) 39 Cal.4th 398, 472-473, the trial court never made an initial ineligibility finding. In ruling on a section 1170.126 resentencing petition, the trial court must first determine whether an inmate is eligible for resentencing. (§ 1170.126, subd. (f).) Here, the court never made the initial determination of eligibility based on defendant's record of conviction. As such, if defendant was ineligible due to being armed with a firearm during the commission of his commitment offenses, the court would not be authorized to make a dangerousness finding under the Act. (§ 1170.126, subd. (f); *Kaulick*, *supra*, 215 Cal.App.4th at pp. 1293-1294, fn. 12.)

Defendant ignores that there are two separate considerations under the Act. First, the trial court must determine whether an inmate is eligible for resentencing. And second, the trial court must evaluate whether resentencing an eligible inmate would pose an unreasonable risk of danger to the public. An inmate is eligible for resentencing if: the inmate is serving an indeterminate life term imposed for a non-serious, non-violent felony conviction; the inmate's current sentence was not imposed for any of the disqualifying offenses specified in section 1170.126, subdivision (e)(2); and the inmate has no prior convictions for any of the disqualifying offenses adverted to in section 1170.126, subdivision (e)(3). (§ 1170.126, subd. (e).) As previously noted and as held by this court in *Brimmer*, *supra*, 230 Cal.App.4th 782, under the plain language of the armed with a firearm exclusion, defendant is ineligible for resentencing relief as a second strike offender if his life sentence was "imposed" because "[d]uring the commission of the current offense, [he] . . . was armed with a firearm." (*Id*. at p. 793, citing §§ 667,

10

subd. (e)(2)(C)(iii) & 1170.12, subd. (c)(2)(C)(iii), both cross-referenced in § 1170.126, subd. (e)(2).)

If the inmate is eligible, the trial court must resentence the inmate unless, in its discretion, the trial court determines resentencing the inmate would pose an unreasonable risk of danger to the public. (§ 1170.126, subd. (f); *Kaulick*, *supra*, 215 Cal.App.4th at pp. 1293-1294, fn. 12.) Hence, there are two separate considerations. First, the trial court must determine whether an inmate is eligible for resentencing. And second, the trial court must evaluate whether resentencing an eligible inmate would pose an unreasonable risk of danger to the public. Here, the trial court never made the initial determination of eligibility based on defendant's record of conviction. Accordingly, as explained below, the matter must be remanded.

C.      *Armed With a Firearm Exclusion*

Based on the rule of lenity, the People's failure to plead the firearm exclusion, and the facts of this case, defendant argues that he was eligible for resentencing because he was not armed with a firearm during the commission of his commitment offenses.

We note that several published cases have held that the Act does not contain a pleading and proof requirement with respect to factors that disqualify defendants from resentencing, including our decision in *Brimmer*, *supra*, 230 Cal.App.4th 782; *White*, *supra*, 223 Cal.App.4th 512 (Fourth Dist., Div. One); *People v. Osuna* (2014) 225 Cal.App.4th 1020 (*Osuna*) (Fifth Dist.); *People v. Blakely* (2014) 225 Cal.App.4th 1042, (Fifth Dist.) (*Blakely*); and *People v. Elder* (2014) 227 Cal.App.4th 1308 (*Elder*) (Third

Dist.). Our colleagues in *White*, *supra*, 223 Cal.App.4th 512, and more recently our colleagues in *Osuna*, *supra*, 225 Cal.App.4th 1020 have found the pleading and proof requirement "plainly is a part of only the *prospective* part of the Reform Act, which governs the *sentencing of a defendant* with 'two or more prior serious and/or violent felony convictions' who has suffered a third felony conviction; it is not a part of section 1170.126, the *retrospective* part of the Reform Act that governs a petition for *resentencing* brought by an *inmate* already serving a life sentence under the Three Strikes law." (*White*, at p. 527, italics in original; accord, *Osuna*, at p. 1033; *Blakely*, *supra*, 225 Cal.App.4th at p. 1058.) Our analysis has led this court to the same statutory interpretation. (*Brimmer*, *supra*, 230 Cal.App.4th at pp. 793-803.)

We also find that using a disqualifying factor not pled and proved to the jury does not violate a defendant's constitutional rights to due process and a jury trial under *Apprendi v. New Jersey* (2000) 530 U.S. 466 (*Apprendi*) and its progeny. Appellate courts have consistently found that the resentencing provisions under section 1170.126 are akin to a hearing regarding "downward sentence modifications due to intervening laws" (*Kaulick*, *supra*, 215 Cal.App.4th at p. 1304), and therefore *Apprendi* and the limitations of the Sixth Amendment do not apply to resentencing determinations. (Accord, *Brimmer*, *supra*, 230 Cal.App.4th at pp. 804-805 [*Apprendi* and its progeny do not apply to a determination of eligibility under the Act]; *White*, *supra*, 223 Cal.App.4th at p. 527 [same]; *Osuna*, *supra*, 225 Cal.App.4th at p. 1039 [same]; *Blakely*, *supra*, 225 Cal.App.4th at p. 1060 [same].)

Determinations required under section 1170.126 are not factors justifying enhancing a defendant's sentence beyond the statutory maximum. (See *Kaulick*, *supra*, 215 Cal.App.4th at pp. 1302-1304.) As such, "the United States Supreme Court has already concluded that its opinions regarding a defendant's Sixth Amendment right to have essential facts found by a jury beyond a reasonable doubt do not apply to limits on downward sentence modifications due to intervening laws." (*Id*. at p. 1304, citing *Dillon v. United States* (2010) 560 U.S. 817, 829.) "The retrospective part of the Act is not constitutionally required, but an act of lenity on the part of the electorate. It does not provide for wholesale resentencing of eligible petitioners. Instead, it provides for a proceeding where the original sentence may be modified downward. Any facts found at such a proceeding, such as dangerousness, do not implicate Sixth Amendment issues. Thus, there is no constitutional requirement that the facts be established beyond a reasonable doubt." (*Kaulick*, at pp. 1304-1305; accord, *Brimmer*, *supra*, at p. 805, quoting *Osuna*, at p. 1040 ["A finding an inmate is not eligible for resentencing under section 1170.126 does not increase or aggravate that individual's sentence; rather, it leaves him or her subject to the sentence originally imposed." *Osuna*, at p. 1040; see *Blakely*, at p. 1061].) "A trial court's determination that a defendant is ineligible for resentencing pursuant to section 1170.126 does 'not increase the penalty to which [a] defendant [is] already subject, but instead disqualifie[s] [a] defendant from an act of lenity on the part of the electorate to which [a] defendant was not constitutionally entitled.' " (*Brimmer*, at p. 805, quoting *Osuna*, at p. 1040.)

13

We further conclude that the Act does not require a facilitative nexus or a "tethered" felony for the armed with a firearm exclusion to apply. Unlike section 12022, which requires that a defendant be armed "*in the commission of*" a felony for additional punishment to be imposed (italics added), the Act disqualifies an inmate from eligibility for lesser punishment if he or she was armed with a firearm "*during the commission of*" the current offense (italics added). " 'During' is variously defined as 'throughout the continuance or course of' or 'at some point in the course of.' (Webster's 3d New Internat. Dict. (1993) p. 703.)" (*Osuna, supra*, 225 Cal.App.4th at p. 1032.) Thus, there must be a temporal nexus between the arming and the underlying felony, not a facilitative one. The two are not the same. (*People v. Bland* (1995) 10 Cal.4th 991, 1002 (*Bland*) [" 'in the commission' of" requires both that " 'arming' " occur during underlying crime and that it have facilitative nexus to offense].) Since the Act uses the phrase "[d]uring the commission of the current offense," and not in the commission of the current offense (§§ 667, subd. (e)(2)(C)(iii), 1170.12, subd. (c)(2)(C)(iii)), and since at issue is not the imposition of additional punishment but rather eligibility for reduced punishment, we conclude the plain language of the Act disqualifies an inmate from resentencing if he or she was armed with a firearm during the unlawful possession of that firearm if the record of conviction shows the firearm was readily available for offensive or defensive use. (*Brimmer*, *supra*, 230 Cal.App.4th at pp. 796-800.)

In *Brimmer*, *supra*, 230 Cal.App.4th 782, following an analysis of the firearm enhancement statutes, we held: "a defendant is armed if the gun has a facilitative nexus

14

with the underlying offense (i.e., it *serves* some purpose in connection with it); however, this requires only that the defendant is aware during the commission of the offense of the nearby presence of a gun available for use offensively or defensively, the presence of which is not a matter of happenstance.  This does not require any intent to use the gun for this purpose."  (*Id*. at pp. 794-795, citing *People v. Pitto* (2008) 43 Cal.4th 228, 239-240, italics in original.)  We further explained:  "Although the crime of possession of a firearm by a felon may involve the act of personally carrying or being in actual physical possession of a firearm, as occurred [there], such an act is not an essential element of a violation of former section 12021, subdivision (a), because a conviction of this offense may also be based on a defendant's constructive possession of a firearm. [Citations.] . . . Hence, while the act of being armed with a firearm—that is, having ready access to a firearm (*Bland*, *supra*, 10 Cal.4th at p. 997)—necessarily requires possession of the firearm, possession of a firearm does not necessarily require that the possessor be armed with it."  (*Brimmer* at p. 795, citing *People v. Sifuentes* (2011) 195 Cal.App.4th 1410, 1417 [a conviction for possession of a gun can also be based on constructive possession of the gun] and *People v. Mejia* (1999) 72 Cal.App.4th 1269, 1272 [defendant need not physically have the weapon on his person; constructive possession of a firearm "is established by showing a knowing exercise of dominion and control" over it].)

The appellate court in *White* affirmed the holding that the defendant was not eligible for resentencing because the "armed-with-a-firearm" exclusion applied.  In that case, the defendant's underlying conviction was for possession of a firearm by a felon.

The court recognized that actual possession is not an essential element of that offense, because a conviction for violation of former section 12021, subdivision (a), may be based on a defendant's constructive possession of a firearm. (*White*, *supra*, 223 Cal.App.4th at p. 524.) Even though the information had not alleged that the defendant was armed with a firearm nor contained a sentence enhancement allegation that he was so armed, the record showed that he had been armed with a firearm during the commission of the current offense. The court determined that the armed with a firearm exclusion applied based on the record, and rejected the defendant's claim that the pleading and proof requirement applied to the retrospective portion of the Act. (*Id*. at p. 526-527.)

In April 2014, the Fifth District published four cases germane to this issue: *People v. Superior Court* (*Cervantes*) (2014) 225 Cal.App.4th 1007, 1011 (*Cervantes*); *People v. Superior Court* (*Martinez*) 225 Cal.App.4th 979, 984-985 (*Martinez*); *Osuna*, *supra*, 225 Cal.App.4th 1020; and *Blakely*, *supra*, 225 Cal.App.4th 1042. The California Supreme Court denied review in all of these cases on July 9, 2014.

In *Blakely*, the court held that a defendant convicted of being a felon in possession of a firearm is not automatically disqualified from resentencing because of that conviction. Such a defendant is disqualified for resentencing only if he or she had the firearm available for offensive or defensive use.[5] (*Blakely*, *supra*, 225 Cal.App.4th at

---

[5] In addition to applying standard principles of statutory construction in the court's analysis of section 1170.126 in *Blakely*, the court also considered the rule of lenity, which defendant argues is operative here. (*Blakely*, *supra*, 225 Cal.App.4th at pp. 1053-1054.)

pp. 1048, 1056-1063.)  In *Cervantes* and *Martinez*, the court held a defendant may be barred from resentencing and is armed with a firearm even if he or she was not carrying a firearm on his or her person.  (*Cervantes*, *supra*, 225 Cal.App.4th at pp. 1011-1018; *Martinez*, *supra*, 225 Cal.App.4th at pp. 984-985, 989-995.)

In *Osuna*, *supra*, 225 Cal.App.4th 1020, the court held that where there are facts in the record of conviction showing the defendant was armed with a firearm—meaning it was available for immediate offensive or defensive use—during the commission of the defendant's current offense, the defendant is disqualified from resentencing under the Act even though he or she was convicted of possessing the firearm and not of being armed with it.  The court further concluded that being armed with a firearm during the commission of the current offense for the purposes of the Act does not require that the possession be "tethered" to or have some "facilitative nexus" to an underlying felony. (*Osuna*, at pp. 1026-1040.)  The court explained: "unlike section 12022, which requires that a defendant be armed '*in* the commission of' a felony for additional punishment to be imposed (italics added), the Act disqualifies an inmate from eligibility for lesser punishment if he or she was armed with a firearm '*during* the commission of' the current offense (italics added).  'During' is variously defined as 'throughout the continuance or course of' or 'at some point in the course of.'  [Citation.]  In other words, it requires a temporal nexus between the arming and the underlying felony, not a facilitative one.  The two are not the same.  [Citation.]" (*Id*. at p. 1032; accord, *Brimmer*, *supra*, 230 Cal.App.4th at pp. 798-799.)

17

Here, defendant was not per se prohibited under the Act from making a motion for resentencing. Rather, if the record of conviction shows defendant had a firearm for offensive or defensive use at the time of his arrest for being a felon in possession of a firearm meant defendant was armed with a firearm. If such a finding was made, a defendant would be disqualified from consideration for resentencing pursuant to the Act. The trial court here did not make the initial threshold finding based on defendant's entire record of conviction. (*Brimmer*, *supra*, 230 Cal.App.4th at pp. 800-801, citing *People v. Woodell* (1998) 17 Cal.4th 448, 454-457 and *People v. Blackburn* (1999) 72 Cal.App.4th 1520, 1526-1527, 1531-1532 [Fourth Dist., Div. Two] [preliminary hearing transcript on prior offenses supported determination prior conviction was a serious felony]; accord, *White*, *supra*, 223 Cal.App.4th at p. 525 [reliance on record of conviction including information, pretrial motion, and closing argument]; *Blakely*, *supra*, 225 Cal.App.4th at pp. 1058-1063 [a trial court may examine relevant, reliable, admissible portions of the record of conviction to determine disqualifying factors]; *People v. Bradford* (2014) 227 Cal.App.4th 1322, 1336-1338 [reliance on record of conviction but may not consider new evidence outside of the record of conviction].)

There is no indication in the record to show whether the court even assessed from the record of conviction the existence of the disqualifying factor. And, the record does not contain any findings made by the court as to the initial threshold question of eligibility. As such, the matter must be remanded to the trial court to determine, based on

defendant's entire record of conviction, the threshold question of eligibility, i.e., whether defendant was armed with a firearm during the commission of his commitment offenses.

### III

### DISPOSITION

The judgment is remanded with directions in accordance with this opinion.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ_____

P. J.

We concur:

McKINSTER_____

J.

MILLER_____

J.

19